## UNITED STATES v. ROSENBERG.

(Circuit Court of Appeals, Second Circuit. January 17, 1906.)

No. 36 (3,551).

CUSTOMS DUTIES—CLASSIFICATION—RAMIE BRAIDS.

*Held* that, as to braids of ramie, the provision in paragraph 339, Schedule J, section 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662], for "braids * * * of * * * vegetable fiber," is more specific than that in paragraph 347, Schedule J, 30 Stat. 182 [U. S. Comp. St. 1901, p. 1664], for "all manufactures of * * * ramie" and other vegetable fibers; the latter provision being intended to embrace any manufactures of vegetable fiber that have been omitted elsewhere in the tariff.

Appeal from the Circuit Court of the United States for the Southern District of New York.

In the decision below the Circuit Court reversed without opinion three decisions of the Board of United States General Appraisers, which, on the authority of G. A. 5,569 (T. D. 24,972), had overruled protests of Jules & Hugo Rosenberg against the assessment of duty by the collector of customs at the port of New York.

Henry A. Wise, Asst. U. S. Atty.

Waldon & Webster (Howard T. Waldon, of counsel), for importers.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. The goods in question consist of braids composed wholly or in chief value of ramie. They were returned as vegetable fiber braid, and assessed at 50 per cent. ad valorem, as "braids * * * composed wholly or in chief value of * * * vegetable fiber," under the provisions of paragraph 339 of Act July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662].

The importers claimed, and the court below, reversing the board without any opinion filed, held, that the goods should have been assessed at 45 per cent. ad valorem, as "manufactures of * * * ramie," under the provisions of pargraph 347, 30 Stat. 182 [U. S. Comp. St. 1901, p. 1664] of said act.

Paragraph 347 is as follows:

"All manufactures of flax, hemp, ramie, or other vegetable fiber, or of which these substances, or either of them, is the component material of chief value, not specifically provided for in this act, forty-five per centum ad valorem."

This paragraph is found at the end of Schedule J, which is entitled, "Flax, Hemp or · Jute," but which, in fact, covers a large class of vegetable fibers and manufactures therefrom. The preceding paragraphs deal, respectively, with certain specific articles made from various vegetable substances. Paragraph 347 is merely a general catchall clause, evidently inserted at the end of the schedule with the intention thereby of embracing any manufacture of vegetable fiber which may have been omitted from the other provisions of the act, and is sufficiently broad to include such manufactures. Paragraph 339, on the other hand, exactly covers this merchandise. It designates the particular manufacture "braid," and, while it does not in terms specify "ramie," it may be read as though there had been inserted, instead of the general designation, "vegetable fiber," the particular designations of the various kinds of vegetable fiber, such as ramie, which are subject to duty.

It must be held, therefore, that the particular designation under paragraph 339, of "braids composed of vegetable fiber," is more specific than the general term, "manufactures of ramie," in paragraph 347.

The decision of the court below is reversed.